IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RYAN PATRICK SULLIVAN, | CV 21-61-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER |
| BEUCHLER ET AL., | |
| Defendants. | |

Plaintiff Ryan Patrick Sullivan was directed to file a Second Amended Complaint after the Court determined that his Amended Complaint failed to state a claim upon which relief may be granted. He has done so. (Doc. 16.) He has also moved to proceed in forma pauperis. (Doc. 17.) The motion will be denied as moot; leave was already granted. Sullivan's Second Amended Complaint fails to state a claim and will be dismissed.

The Court's prior Order explained the factual background of Sullivan's claims, the Court's screening standard, and the Court's analysis as to Sullivan's failure to state claims for federal relief. (Doc. 15.) Sullivan's Second Amended Complaint elaborates his claims considerably, but he still fails to allege sufficient facts that, if "accepted as true, to state a claim to relief that is plausible on its face."

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

Sullivan's Second Amended Complaint names only Yellowstone County, Benjamin Halverson, Sarah Hyde, and nameless victim witness coordinators. (Doc. 16 at 2 – 3.) Sullivan's allegations against Yellowstone County are insufficient, using only labels and broad allegations and failing to have any specificity that would provide notice as to the alleged constitutional violations. Sullivan's allegations against Halvorsen and Hyde relate to their conduct as prosecutors or county attorneys in proceedings related to Sullivan. The exact nature of the proceedings is not always clear. However, as to many of the allegations, these acts are not the basis for a constitutional claim. For instance, Halvorsen winking at Sullivan or telling a witness to ask for a continuance are not constitutional violations. (Doc. 16 at 6.)

The only grounds Sullivan asserts with any specificity is a claim of malicious prosecution, related to various actions by these attorneys that he considers violative of his rights. Some are not; for instance, Hyde "coaching" a witness on the witness stand by "giving her yes and no prompts" is not a

2

constitutional violation. (Doc. 16 at 7.) Nor is the actions of victim witness advocates "coaching" a witness. *Id.* However, Sullivan asserts that several of Defendants' acts tainted his prosecution. A § 1983 claim of malicious prosecution requires Sullivan to "demonstrate, among other things, that he obtained a *favorable termination* of the underlying criminal prosecution. *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022) (emphasis in original). In Sullivan's case, such a determination would have to come through an attack on his conviction, not through a civil lawsuit in this Court. Sullivan's allegations of potential witness tampering also relate to the validity of his conviction. Those are not appropriate claims for this Court to consider in a § 1983 action. The Court has no authority to invalidate a state court judgment or sentence, due to various considerations of the balance between state and federal courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Heck v. Humphrey*, 512 U.S. 477 (1994). Sullivan's Complaint seeks a review of his state court conviction. "Stated simply, the *Rooker–Feldman* doctrine bars suits brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Carmona v. Carmona*, 603 F.3d

3

1041, 1050 (9th Cir. 2010) (internal quotations and citation omitted.) Before Sullivan can state a claim in a § 1983 action regarding malicious prosecution, he must address the merits of his claims regarding that prosecution in the proper forum.

## V. CONCLUSION

Sullivan's Second Amended Complaint fails to state a claim against any defendant. 28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted. Sullivan has had two attempts to amend his Complaint (in addition to his original Complaint in Cause No. CV-21-61-BLG-SPW-TJC) to state a claim and has failed to do so, resulting in dismissal.[1]

Based upon the foregoing, the Court issues the following:

### ORDER

1. Sullivan's motion to proceed in forma pauperis is denied as moot. Leave was already granted when this action was initiated under Cause No. CV 21-61-BLG-SPW-TJC.

---

[1] To the extent Sullivan attempts to revive claims previously addressed in CV 20-80-BLG-SPW, those claims have been resolved and the Court's rulings in that case have preclusive effect as to them being raised again here.

4

2. Sullivan's Second Amended Complaint is dismissed for failure to state a claim. The Clerk of Court is directed to close the matter and enter judgment.

3. The Clerk is directed to have the docket reflect that the dismissal counts as a strike against Sullivan within the meaning of 28 U.S.C. § 1915(g).

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 5th day of September, 2023.

/s/ Susan P. Watters
Susan P. Watters
United States District Judge